Makenna Miller (SBN 329244)
mmiller@mckoolsmith.com
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:    (213) 694-1234

*Attorneys for Non-Party Nicholas Ahn*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| In Re Subpoena of<br><br>NICHOLAS AHN<br><br>Underlying Matter<br><br>STATON TECHIYA, LLC AND SYNERGY IP CORPORATION,<br><br>                    Plaintiffs,<br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.<br><br>                    Defendants. | Case No. 2:23-mc-00011<br><br>[Underlying Case: USDC Case No. 2:21-cv-00413-JRG-RSP (E.D. Tex. 2021) (lead)]<br><br>**NON-PARTY NICHOLAS AHN'S NOTICE OF MOTION AND MOTION TO QUASH DEFENDANTS' SUBPOENAS TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: To Be Assigned<br>Time: To Be Assigned<br>Courtroom: To Be Assigned<br>Judge: To Be Assigned |

NON-PARTY NICHOLAS AHN'S MOTION TO QUASH DEFENDANTS' SUBPOENAS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, January 30, 2023, at 9:00 a.m. or as soon thereafter as the matter may be heard at the United States District Court for the Central District of California located at 350 West First Street, Los Angeles, California, Non-Party Nicholas Ahn will and hereby does move the Court for an order quashing the Subpoena to Testify in a Civil Deposition (attached as Exhibit A, "Deposition Subpoena") and the Subpoena to Produce Documents, Information, or Objects (attached as Exhibit B, "Subpoena to Produce Documents") issued to him by Defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., (collectively, "Samsung") in the matters of *Staton Techiya, LLC and Synergy IP Corporation v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*, Case Nos. 2:21-cv-00413-JRG-RSP (lead); 2:22-cv-00053-JRG-RSP(member), which is pending in the United States District Court for the Eastern District of Texas.

This Motion is made pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) upon the grounds that both of the Samsung Subpoenas (i) fail to allow a reasonable time for compliance, (ii) seek the disclosure of information that is protected by at least the attorney-client privilege, and (iii) further create an undue burden on Nicholas Ahn.

Jurisdiction is proper in this Court pursuant to the Federal Rule of Civil Procedure 45(d)(3) upon the grounds that Nicholas Ahn, a non-party to the underlying action in Texas, is based in Los Angeles, California, and the place of compliance for both of the Samsung Subpoenas is Los Angeles, California.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities filed concurrently herewith, and any additional papers and evidence to be filed or introduced before or at the hearing on this matter.

| | |
|---|---|
| DATED: January 26, 2023 | Respectfully Submitted,<br>**McKool Smith, P.C.**<br><br>By: /s/ *Makenna Miller*<br>Michael J. Miguel<br>Makenna Miller<br><br>*Attorneys for Non-Party Nicholas Ahn* |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................. 1

II.  PROCEDURAL HISTORY ..................................................................... 1

III. ARGUMENT ............................................................................................ 2

    A.   Samsung's Subpoenas Fail to Allow a Reasonable Time to Comply .... 2

    B.   Samsung's Subpoenas Impermissibly Seek Confidential Information .. 3

    C.   Samsung's Subpoenas Create an Undue Burden .................................. 4

IV.  CONCLUSION ........................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*AngioScore, Inc. v. TriReme Med., Inc.*,
   2014 U.S. Dist. LEXIS 165231 (N.D. Cal. Nov. 25, 2014) ........................................ 3

*Arminak v. Arminak & Assocs.*,
   2017 U.S. Dist. LEXIS 230113 (C.D. Cal. May 23, 2017) ........................................ 2

*City of Colton v. Am. Promotional, Inc.*,
   2006 U.S. Dist. LEXIS 103141 (C.D. Cal. Feb. 6, 2006) ........................................... 4

*City of Pomona v. Cont'l Ins. Co.*,
   2008 U.S. Dist. LEXIS 126579 (C.D. Cal. Dec. 17, 2008) ........................................ 3

*Compaq Computer Corp. v. Packard Bell Elec., Inc.* ....................................................... 5

*Eastman v. Thompson*,
   594 F. Supp. 3d 1156 (C.D. Cal. Mar. 28, 2022) ....................................................... 3

*Finjan, Inc. v. Cisco Sys.*,
   2019 U.S. Dist. LEXIS 76642 (N.D. Cal. May 3, 2019) ............................................ 2

*Free Stream Media Corp. v. Alphonso Inc.*,
   2017 U.S. Dist. LEXIS 202594 (N.D. Cal. Dec. 8, 2017) .......................................... 3

*Gordon v. Sonar Capital Mgmt. LLC*,
   2015 U.S. Dist. LEXIS 32047 (N.D. Cal. Mar. 15, 2015) .......................................... 2

*In re Stratosphere Corp. Sec. Litig.*,
   183 F.R.D. 684 (D. Nev. 1999) .................................................................................. 3

*Map Co. v. Lebanese Arak Corp.*,
   2017 U.S. Dist. LEXIS 230169 (C.D. Cal. Oct. 26, 2017) ........................................ 2

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633, 639 (C.D. Cal. 2005) ................................................................. 4, 5

**Statutes**

Fed. R. Civ. P. 45(d)(3)(A)(i) ............................................................................................ 2

Fed. R. Civ. P. 45(d)(3)(A)(iii) ................................................................................. 3

Fed. R. Civ. P. 45(d)(3)(A)(iv) ................................................................................. 4

**Rules**

Cal. Rules of Prof'l Conduct 1.6(a) ......................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PRELIMINARY STATEMENT

Non-party Nicholas Ahn submits this Memorandum in support of its Motion to Quash, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), requesting that this Court quash the Deposition Subpoena and the Subpoena to Produce Documents (collectively, the "Samsung Subpoenas") issued by counsel for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") in connection with the matters pending before the United States District Court for the Eastern District of Texas.

For the reasons explained more fully below, this Court should quash both of Samsung's Subpoenas for (i) failing to allow a reasonable time for compliance, (ii) seeking the disclosure of information that is protected by at least the attorney-client privilege, and (iii) further creating an undue burden on Nicholas Ahn by seeking documents and information available from parties to the underlying action.

## II.  PROCEDURAL HISTORY

Both Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are the Defendants in the underlying patent infringement suit that was filed on November 5, 2021 in the Eastern District of Texas. On March 31, 2022, the District Court entered a Docket Control Order that among other things, set a discovery cut-off date of January 30, 2023. Despite knowing of this deadline since at least March 31, 2022, counsel for Samsung waited until one week before the close of discovery—on the evening of January 23, 2023—to serve the instant subpoenas against a non-party attorney, Nicholas Ahn. Specifically, the Deposition Subpoena set the date for compliance as January 27, 2023, a mere four days after its issuance, to testify with respect to thirteen broad topics. *See* Exhibit A. Similarly, the Subpoena to Produce Documents set the date for compliance as January 30, 2023, a total of seven days after its issuance, and required the production of documents, electronically stored

information, or objects related to eight broad categories of information. *See* Exhibit B. Indeed, Samsung's self-created exigency cannot be a justification for Samsung's unreasonably short compliance periods.

### III.    ARGUMENT

    **A.    Samsung's Subpoenas Fail to Allow a Reasonable Time to Comply**

Federal Rule of Civil Procedure 45 provides, in pertinent part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Although the Rule does not specify what constitutes "a reasonable time to comply," it is generally understood that at least time periods of less than ten days are unreasonable. *See Arminak v. Arminak & Assocs.,* No. 16-3382, 2017 U.S. Dist. LEXIS 230113 at *7 (C.D. Cal. May 23, 2017) ("While the Rule does not specify what constitutes a reasonable amount of time, courts often require at least ten days' notice."); *Gordon v. Sonar Capital Mgmt. LLC*, No. 15-80080, 2015 U.S. Dist. LEXIS 32047 at *5 (N.D. Cal. Mar. 15, 2015) ("The question of whether the time to comply with a subpoena is a fact-specific inquiry; courts generally have found that fewer than ten days is not reasonable"). Such is the case here.

In particular, Samsung's Deposition Subpoena requires compliance within four days of service to testify concerning thirteen broad topics. *See* Exhibit A. Similarly, Samsung's Subpoena to Produce Documents requires compliance within seven days of service to produce documents, electronically stored information, or objects related to eight broad categories of information. *See* Exhibit B. Unsurprisingly, Courts in this Circuit have routinely deemed similar—or even longer—periods unreasonable. *See Finjan, Inc. v. Cisco Sys.*, No. 17-cv-00072, 2019 U.S. Dist. LEXIS 76642 at *6-7 (N.D. Cal. May 3, 2019) (finding five days' notice for a subpoena to depose a non-party unreasonable); *Map Co. v. Lebanese Arak Corp.*, No. 16-05039-AB, 2017 U.S. Dist. LEXIS 230169 at *13 (C.D. Cal. Oct. 26, 2017); *Free Stream Media Corp. v.*

*Alphonso Inc.*, No. 17-cv-02107, 2017 U.S. Dist. LEXIS 202594 at *13-15 (N.D. Cal. Dec. 8, 2017) (finding fewer than ten days' notice to produce both documents and deposition testimony unreasonable); *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-cv-03393-YGR, 2014 U.S. Dist. LEXIS 165231 at *6 n.1 (N.D. Cal. Nov. 25, 2014) (finding nine days' notice to produce documents unreasonable); *City of Pomona v. Cont'l Ins. Co.*, No. 07-7703-ODW, 2008 U.S. Dist. LEXIS 126579 at *3 (C.D. Cal. Dec. 17, 2008) (finding three days' notice to produce documents unreasonable); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) ("What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected."). Consequently, neither Samsung's Deposition Subpoena, nor its Subpoena to Produce Documents afford Nicholas Ahn with a reasonable amount of time for compliance. For this reason alone, both of Samsung's Subpoenas should be quashed for failing to comply with Rule 45(d)(3)(A)(i).

### B.   Samsung's Subpoenas Impermissibly Seek Confidential Information

Rule 45 also requires a court to quash or modify a subpoena upon a "timely motion" when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The attorney-client privilege protects confidential communications between attorneys and clients for the purpose of legal advice. *See Eastman v. Thompson*, 594 F. Supp. 3d 1156, 1175 (C.D. Cal. Mar. 28, 2022). The privilege "is intended to encourage clients to make full disclosure to their attorneys," recognizing that sound advice depends on transparency. *Id*. An attorney's duty of confidentiality is even more expansive. In California, a lawyer "shall not use a client's information protected by Business and Professions Code section 6068, subdivision (e)(1) to the disadvantage of the client unless the client gives informed consent, except as permitted by [certain circumstances inapplicable here]. Cal. RPC 1.6(a).

Here, the Samsung Subpoenas demand testimony concerning communications between non-party attorney, Nicholas Ahn, and certain clients and non-client persons, as well as the production of documents that demonstrate the nature and content of such communications. These demands, however, invade both the attorney-client privilege and Nicholas Ahn's duty of confidentiality to his clients. Moreover, Nicholas Ahn also cannot disclose his communications with non-client persons and entities if the purpose of those communications was to "carry out the representation" of his clients, which it was. For at least this additional reason, both of Samsung's Subpoenas should also be quashed for seeking the disclosure of information that is protected by the attorney client privilege, an attorney's duty of confidentiality, and California's Rule of Professional Conduct 1.6.

### C. Samsung's Subpoenas Create an Undue Burden

Rule 45 further provides that the Court "must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Here, both of Samsung Subpoenas create an undue burden on Nicholas Ahn by seeking information available from parties to the underlying action—namely, Counterclaim Defendants Dr. Seung-ho Ahn, Mr. Sungil Cho, Staton Techiya, LLC, and Synergy IP Corporation. *See, e.g.*, Exhibit A, Topics Nos. 4-12; Exhibit B, Request Nos. 1-7; *see also City of Colton v. Am. Promotional, Inc.*, No. 05-01479-JFW, 2006 U.S. Dist. LEXIS 103141 at *18 (C.D. Cal. Feb. 6, 2006) ("If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45."). Such alternative sources of information weigh against enforcing the subpoena. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 639 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is [a] party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [a] nonparty.").

Moreover, it is well established that the burden imposed on a third party by a subpoena is undue "by definition" "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence." *Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Thus, in considering a motion to quash under Rule 45(d)(3)(A), the court must consider the relevance of the demanded information to the claim or defenses in the underlying action. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. Dec. 7, 2005) ("Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena"). Here, both of Samsung Subpoenas create an undue burden on Nicholas Ahn by seeking the production of documents and deposition testimony that is not relevant to Samsung's counterclaims (i.e., trade secret misappropriation, breach of fiduciary duty, and civil conspiracy) in the underlying action. It is not apparent why communications and documents in Nicholas Ahn's possession would tend to make any fact relevant to Samsung's counterclaims more or less probable. Absent any pled claim or defense related to Nicholas Ahn, Samsung cannot reasonably assert that the Subpoenas request relevant discovery.

For at least these additional reasons, both of Samsung's Subpoenas should also be quashed for failure to comply with Rule 45(d)(3)(A)(iv).

## IV. CONCLUSION

For the reasons set forth above, Nicholas Ahn respectfully requests that this Court quash both of Samsung's Subpoenas issued by counsel for Samsung on January 23, 2023.

DATED: January 26, 2023            Respectfully Submitted,

**MCKOOL SMITH, P.C.**

-5-
NON-PARTY NICHOLAS AHN'S MOTION TO QUASH DEFENDANTS' SUBPOENAS

By: /s/ Makenna Miller
Makenna Miller

*Attorneys for Non-Party Nicholas Ahn*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Spoken Giants, certifies that this brief contains 2292 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 26, 2023                     Respectfully Submitted,

**McKool Smith, P.C.**

By: /s/ Makenna Miller
Makenna Miller