# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORP. | ) | |
| *Plaintiff* | ) | Civil Action No.  2:21-CV-00413-JRG-RSP (LEAD CASE) |
| v. | ) | 2:22-CV-00053-JRG-RSP (MEMBER CASE) |
| SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Nicholas Ahn

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE "ATTCHMENT A" ATTACHED HERETO

| Place:   Kirkland & Ellis LLP 2049 Century Park East, Suite 3700 Los Angeles, CA 90067 | Date and Time: January 30, 2023 4:00 PM EST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/23/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | */s/ David Rokach* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.   , who issues or requests this subpoena, are:

David Rokach, 300 North LaSalle, Chicago, IL 60654; david.rokach@kirkland.com; 312-862-3169

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-CV-00413-JRG-RSP (LEAD CASE)
2:22-CV-00053-JRG-RSP (MEMBER CASE)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "You," "Your," or "Mr. Nicholas Ahn" means Nicholas Ahn, who is or was at one time a member of Insight IP and who is or was at one time a contract attorney that worked for Synergy.

2.      "Insight IP" means Insight IP Consulting LLC and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, including Dr. Seung-Ho Ahn, Nicholas Ahn, or Richard Ahn, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3.      "Techiya" means Staton Techiya, LLC and all predecessors, successors, divisions, subsidiaries, parent entities, domestic and foreign affiliates and related companies, divisions, departments, organizational operating units, and each entity owned or controlled by them, directly or indirectly, in whole or in part, and all present or former officers, directors, executives, employees, principals, partners, agents, legal representatives, consultants, and all other individuals or entities acting on their behalf.

4.      "Synergy" means Synergy IP Corporation, Seungho Ahn, and Sungil Cho, collectively and individually, and all predecessors, successors, divisions, subsidiaries, parent entities, domestic and foreign affiliates and related companies, divisions, departments, organizational operating units, and each entity owned or controlled by them, directly or indirectly, in whole or in part, and all present or former officers, directors, executives, employees, principals, partners, agents, legal representatives, consultants, and all other individuals or entities acting on their behalf.

5.      "SPH America" means SPH America LLC and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, including Choongsoo Park, Seokchan ("Chan") Baek, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

6.      "Choongsoo Park" means Mr. Choongsoo Park, who was or is the registered agent and a member of SPH America.

7.      "Seokchan Baek" means Mr. Seokchan ("Chan") Baek, who was or is a member of SPH America.

8.      "Dr. Ahn" means Dr. Seung-Ho Ahn, who is named as a counterclaim-defendant in this litigation.

9.      "Mr. Cho" means Mr. Sungil Cho, who is named as a counterclaim-defendant in this litigation.

10.      "Mr. Richard Ahn" means Richard Ahn, who is or was at one time a member of Insight IP.

11.      "Samsung" means Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

12.      "Arising from," "concerning," "constituting," "reflecting," and "relating to" include identifying, describing, discussing, assessing, stating, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.  This includes any document that constitutes, comprises, involves, contains, embodies,

reflects, identifies, states, refers directly or indirectly to, or is any way relevant to the particular subject matter identified.

13.     "Communication" refers to any transmission, exchange or transfer of information by any means, whether written or oral, and including letters, numbers, images, symbols, data, photographs, and sounds.

14.     "Document(s)" includes everything contemplated by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

15.     "Thing(s)" includes everything contemplated by Rule 34(a)(1)(B) of the Federal Rules of Civil Procedure.

16.     "And" and "or" are terms of inclusion and not of exclusion, and should be construed disjunctively or conjunctively as necessary to bring within the scope of these Requests any responses that might be otherwise construed to be outside their scope.

17.     "Any" includes "all" and "all" includes "any."  The words "any" and "all" shall mean "any and all."

18.     The singular form of any term includes the plural, and the plural form of any term includes the singular.

19.     The definition of each term defined above is to be used regardless of capitalization.

20.     Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as necessary to make any phrase more, rather than less, inclusive.

21.     Any term not specifically defined herein shall be defined in accordance with the Federal Rules of Civil Procedure.

22.     The requests apply to all documents and things in your possession, custody or control at the present time, or coming into your possession, custody or control during this

investigation. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such documents or things because they are not presently in your possession, custody or control, you shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

23.     If you object to or disagree with any of the definitions set forth in these requests, or if you do not understand any term used in these requests, explain in detail the nature of your disagreement with the definition, or lack of understanding of the term, and provide your definition of the term.

24.     If no document or thing is responsive to a particular request, you are to state in your response that no responsive document or thing exists.

25.     In the event that any document or thing called for by these requests has been destroyed or discarded, that document is to be identified by stating: (i) the date the document was created; (ii) the subject matter of the document; (iii) the person(s) who prepared the document; (iv) all recipient(s) of the document; (v) the date of destruction, manner of destruction, and reason for destruction; (vi) the persons who were authorized to carry out such destruction; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy of the document.

26.     In the event any document or thing is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege from disclosure, provide a privilege log in accordance with Fed. R. Civ. P. 45(E)(2), or as otherwise agreed to by the parties.

27.     To the extent you contend any of the requested documents or things are subject to any third party confidentiality obligations, you must identify the documents being withheld under any such claims along with the identity of the relevant third party and the nature of the

confidentiality obligation, immediately seek permission from any such third party to produce the relevant information to Samsung counsel, and provide Samsung counsel with the list of third parties, along with their contact information, for any permissions allegedly withheld.

28.     These requests seek all responsive documents or things in their original language, and if such original language is not English, these requests also seek all English-language translations that may exist for any such documents.

29.     Each request seeks production of any document or thing requested therein in its entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto. To the extent documents, including but not limited to design, accounting, financial and sales data, are maintained in both hard copy and some other form, including but not limited to computer, electronic, magnetic and optical media of all kinds, provide both forms.

30.     Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies must be legible and bound or stapled in the same manner as the original.

31.     Documents produced in a form other than hard copy must be produced in the media in which they are found. Documents produced in any computer, electronic, magnetic, or optical media should include a unique hard copy label containing an index of the materials and an identification of the format in which the documents are stored on such media.

32.     You should mark all documents or things produced with an appropriate designation such as "CONFIDENTIAL" or "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY" under the Protective Order entered in this case, attached hereto as Attachment B.

# **ATTACHMENT B**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

STATON TECHIYA, LLC and SYNERGY IP CORPORATION,

      Plaintiffs,

v.

SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.

      Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 2:21-CV-00413-JRG-RSP
(LEAD CASE)

Case No. 2:22-CV-00053-JRG-RSP
(MEMBER CASE)

## PROTECTIVE ORDER

WHEREAS, Plaintiffs and Counterclaim Defendants Staton Techiya, LLC ("Techiya") and Synergy IP Corporation (collectively, "Plaintiffs"), Dr. Seungho Ahn ("Ahn") and Mr. Sungil Cho ("Cho") and Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to

whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The word(s) "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2. Any document produced under Local Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents,

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

information or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)   outside counsel of record in this Action for the Parties and attorneys at the same law firm(s) as outside counsel of record;

(b)   clerical employees of such counsel identified in paragraph 5(a) assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)   up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)   outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)   independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and

reasonably necessary to assist counsel with the litigation of this Action;

(g)     any mediator assigned by the Court or selected by the Parties to mediate this Action, including his or her staff; and

(h)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as

"RESTRICTED CONFIDENTIAL SOURCE CODE."

9.      For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access

to, and disclosure of, such Protected Material shall be limited to individuals listed in

paragraphs 5(a-b) and (e-h).

10.     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone"
        computer(s) (that is, the computer may not be linked to any network, including a
        local area network ("LAN"), an intranet or the Internet), except to the extent
        permitted by the producing party.  The stand-alone computer(s) may be connected
        to (i) a printer, or (ii) a device capable of temporarily storing electronic copies
        solely for the limited purposes permitted pursuant to paragraphs 10(h) below.
        Additionally, the stand-alone computer(s) may be located only at the offices of the
        producing Party's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such
        access to the stand-alone computer(s) to normal business hours, which for purposes
        of this paragraph shall be 9:00 a.m. through 5:00 p.m.  However, upon reasonable
        notice from the receiving party, the producing Party shall make reasonable efforts
        to accommodate the receiving Party's request for access to the stand-alone
        computer(s) outside of normal business hours.  The Parties agree to cooperate in
        good faith such that maintaining the producing Party's Source Code Material at the
        offices of its outside counsel shall not unreasonably hinder the receiving Party's
        ability to efficiently and effectively conduct the prosecution or defense of this
        Action;

(c)     The producing Party shall provide the receiving Party with information explaining
        how to start, log on to, and operate the stand-alone computer(s) in order to access
        the produced Source Code Material on the stand-alone computer(s), or with
        assistance in handling these tasks;

(d)     The producing Party will produce Source Code Material in computer searchable
        format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL
        SOURCE CODE shall be limited to outside counsel and up to three (3) outside
        consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an

_____

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include
the outside consultant's or expert's direct reports and other support personnel employed by the

affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document to the extent reasonably necessary for purposes of the litigation, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to request up to and including four hundred (400) pages of printouts of Source Code Material; the producing Party shall provide 3 copies of each page requested (and any additional copies that are reasonably necessary for purposes of a deposition, hearing, or trial), all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE"; the receiving Party shall maintain a log of all such files that are received; the receiving Party shall not request Source Code Material printouts in order to review the Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing it electronically on the Source Code computer; and the receiving Party may request additional pages of printouts of Source Code Material, which request shall not be unreasonably denied by the producing Party;

(i)     Such printouts shall not be transferred back to electronic media, nor shall additional photocopies be made, except as authorized by the producing Party;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the

---

expert or the expert's firm, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated  RESTRICTED – ATTORNEYS' EYES ONLY  and/or  RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, or participate in the acquisition of patents or patent applications, pertaining to headset products and digital assistant products on behalf of the receiving Party or its acquirer, successor, predecessor, co-parties on the same side in this litigation, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application, or participate in the acquisition of patents or patent applications, pertaining to headset products and digital assistant products.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible

to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL."

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for

placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order,

and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel for the Parties may retain one

copy of pleadings, motions, and briefs (including all supporting and opposing papers and exhibits to the foregoing), written discovery response (and exhibits thereto), deposition transcripts (and exhibits thereto), expert reports, trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial for archival purposes that includes material designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" and that does not include any material designated as "RESTRICTED CONFIDENTIAL SOURCE CODE."

23.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary

and confidential nature of the documents, information or other material or its contents.

26.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 13th day of June, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:21-CV-00413-JRG-RSP<br>(LEAD CASE)<br><br>Case No. 2:22-CV-00053-JRG-RSP<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.     My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.     I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things

1

designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY,"
or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,
and all documents and things that I have prepared relating thereto, to the outside counsel
for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

## DOCUMENTS TO BE PRODUCED

1.      Communications involving You, Insight IP, SPH America, Synergy, Dr. Seung-Ho Ahn, Mr. Richard Ahn, or Mr. Cho relating to, regarding, or referring to any attempt or plan to solicit or obtain patent licensing, patent purchase, patent damages payments.

2.      Communications involving You, Insight IP, SPH America, Synergy, Dr. Seung-Ho Ahn, Mr. Richard Ahn, or Mr. Cho relating to, regarding, or referring to any attempt or plan for Dr. Ahn or affiliated entities to obtain a portion of potential patent licensing, patent purchase, patent damages payments earned by SPH America.

3.      Communications involving You, Insight IP, SPH America, Synergy, Dr. Seung-Ho Ahn, Mr. Richard Ahn, or Mr. Cho relating to, regarding, or referring to any information obtained from Samsung by Dr. Ahn or Mr. Cho.

4.      Communications involving You, Insight IP, SPH America, Synergy, Dr. Seung-Ho Ahn, Mr. Richard Ahn, or Mr. Cho relating to, regarding, or referring to acts taken by Dr. Ahn or Mr. Cho, while employed by Samsung, that benefited SPH America.

5.      Communications involving You, Insight IP, SPH America, Synergy, Techiya, Dr. Seung-Ho Ahn, Richard Ahn, or Mr. Cho relating to, regarding, or referring to Samsung.

6.      Communications involving You, Insight IP, SPH America, Synergy, Dr. Seung-Ho Ahn, Richard Ahn, or Mr. Cho between January 1, 2019 and July 31, 2019.

7.      Documents sufficient to show the nature and content of subject matter at issue in the discussions referenced in topics 1 through 6 above.

8.      All Documents prepared and/or reviewed by You in connection with the deposition on the Topics in Attachment C.